Citation Nr: 1532756 
Decision Date: 07/31/15 Archive Date: 08/05/15

DOCKET NO. 14-31 461A ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Medical Center in Huntington, West Virginia


THE ISSUE

Entitlement to payment or reimbursement for the cost of private medical expenses incurred at the Cabell Huntington Hospital from September 23, 2013, to September 24, 2013.


REPRESENTATION

Veteran represented by: Disabled American Veterans


ATTORNEY FOR THE BOARD

Shauna M. Watkins, Counsel


INTRODUCTION

The Veteran served on active duty from January 1962 to November 1966.
The Veteran's claim comes before the Board of Veterans' Appeals (Board) on appeal from an October 2013 administrative decision of the U.S. Department of Veterans Affairs Medical Center (VAMC) in Huntington, West Virginia, which denied the benefit sought on appeal. The Veteran filed a Notice of Disagreement (NOD) in July 2014. The RO issued a Statement of the Case (SOC) in August 2014. In September 2014, the Veteran filed his Substantive Appeal. Thus, the Veteran perfected a timely appeal of this issue.

The Veteran's paperless claims files were also reviewed and considered in preparing this remand, along with his paper claims file. 

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). 38 U.S.C.A. § 7107(a)(2) (West 2014).

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the Veteran if further action is required.


REMAND

In his September 2014 Substantive Appeal (on VA Form 9), the Veteran requested a Board hearing at the local RO before a Veterans Law Judge (VLJ) (Travel Board hearing). In an April 2015 letter, he was notified that his Board hearing had been scheduled for June 2015 at the RO in Cleveland, Ohio. In April 2015, the Veteran called VA and said he would not be able to attend the June 2015 hearing. The VA representative informed the Veteran that he needed to put this request in writing. In May 2015 letters, the Veteran and his representative requested that the June 2015 Board hearing be rescheduled for the RO in Huntington, West Virginia. The Veteran stated that he was five hours from the Cleveland, Ohio, RO, but only a few minutes from the Huntington, West Virginia, RO. The Veteran stated that he was unable to drive long distances due to his age and health. In response, the Veteran's Board hearing at the RO in Cleveland, Ohio, was cancelled. To date, the Veteran's requested Board hearing has not been rescheduled for the RO in Huntington, West Virginia. Thus, on remand, the Veteran should be scheduled for a Travel Board hearing at the RO in Huntington, West Virginia. 38 U.S.C.A. § 7107 (West 2014); 38 C.F.R. §§ 19.75, 19.76, 20.700, 20.703, 20.704 (2014).

Accordingly, the case is REMANDED for the following action:

(Please note, this appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). Expedited handling is requested.)

Schedule the Veteran for a Travel Board hearing at the RO in Huntington, West Virginia. A copy of the notice letter sent to the Veteran and his service representative concerning this hearing should be included in the claims file.

The Veteran has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
DEBORAH W. SINGLETON 
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).